IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC., a Michigan Corporation, <br><br> Plaintiff, <br> v. <br><br> BÖLLHOFF GMBH, a German Corporation, <br><br> Defendant. | Case No. 07 C 7058 <br><br> Hon. Judge Leinenweber <br> Hon. Magistrate Judge Cox |

**UNOPPOSED MOTION TO AMEND COMPLAINT AND ANSWER**

Plaintiff Woco Motor Acoustic Systems, Inc. ("Woco"), by its attorneys, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby moves the Court for leave to file an Amended Complaint for Declaratory Judgment Relief and an Amended Answer and Affirmative Defenses to Counterclaims. In support of its unopposed motion, Woco states as follows:

1. On December 14, 2007, Woco filed a Complaint for Declaratory Relief, seeking a declaration of non-infringement of Böllhoff GmbH's ("Böllhoff") U.S. Patent No. 6,206,604. On December 21, 2007, Böllhoff asserted a counterclaim against Woco for infringement of U.S. Patent No. 6,206,604.

2. Woco seeks to add one count to its complaint seeking a declaration of invalidity of U.S. Patent No. 6,206,604 pursuant to one or more provisions of 35 U.S.C. §§ 102, 103 and/or 112 against Böllhoff. A copy of Woco's proposed Amended Complaint for Declaratory Judgment Relief is attached hereto as Exhibit A.

3. Woco also seeks to amend its affirmative defenses to the counterclaim asserted by Böllhoff by pleading invalidity under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112. A copy of Woco's proposed Amended Answer and Affirmative Defenses to Counterclaims is attached hereto as Exhibit B.

4. Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). No undue prejudice will result from these amendments. Nor will these amended pleadings cause undue delay in these proceedings, as discovery has not yet commenced and the parties are scheduled to appear before the Court for their initial status conference in this matter on Wednesday, February 20, 2008.

5. On February 15, 2008, Böllhoff's counsel advised Woco's counsel that it does not oppose this Motion.

WHEREFORE, Woco respectfully requests that the Court grant Woco's Unopposed Motion for leave to file its Amended Complaint for Declaratory Judgment Relief and Amended Answer and Affirmative Defenses to Counterclaims.

Dated: February 15, 2008

Respectfully submitted,

By: _____/s/ Alfred E. Hanna_____
Brian D. Roche
Jennifer Yule DePriest
Alfred E. Hanna
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507

Attorneys For Declaratory Judgment Plaintiff
WOCO MOTOR ACOUSTIC SYSTEMS, INC.

# Exhibit A

Case 1:07-cv-07058 Document 16 Filed 02/15/2008 Page 3 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC., a Michigan Corporation,<br><br>    Plaintiff,<br>v.<br><br>BÖLLHOFF GMBH, a German Corporation,<br><br>    Defendant. | Case No. 07 C 7058<br><br>Hon. Judge Leinenweber<br>Hon. Magistrate Judge Cox |

### AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Woco Motor Acoustic Systems, Inc., a Michigan Corporation ("Woco"), by and through its attorneys and for its Complaint for Declaratory Judgment against Böllhoff GmbH, a German corporation ("Böllhoff"), alleges as follows:

### NATURE OF THE ACTION

This action seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Woco's product, known as a "Cover Support Assist," that is used, made, sold, offered for sale and/or imported into the United States does not infringe U.S. Patent No. 6,206,604. This action further seeks a declaratory judgment that U.S. Patent No. 6,206,604 is invalid and unenforceable for being anticipated, obvious and indefinite.

### PARTIES

1.  Plaintiff Woco is a Michigan corporation with its principal place of business in Warren, Michigan.

2.  Upon information and belief, Defendant Böllhoff is an alien corporation organized and existing under the laws of Germany with its principal place of business in Bielefeld, Germany. On information and belief, Böllhoff is the owner, by assignment, of all rights, title and interest in and to U.S. Patent No. 6,206,604, issued on March 21, 2001 (the "'604 Patent"), and attached hereto as Exhibit A.

## JURISDICTION

3.  This Court has jurisdiction over this matter, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in that this is an action seeking a declaratory judgment with respect to allegations of patent infringement asserted by Böllhoff under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under the United States Patent Act.

4.  This Court has personal jurisdiction over Böllhoff pursuant to Federal Rule of Civil Procedure 4(k)(2), in that exercise of personal jurisdiction is consistent with the Constitution and the laws of the United States and Böllhoff is an alien corporation which is not subject to the jurisdiction of the courts of general jurisdiction of any state, but on information and belief, has consistent contacts with the United States as a whole. This Court also has *in rem* jurisdiction over this action in that it involves a United States Letters Patent, which was issued pursuant to the United States Patent Act, 35 U.S.C. §101, *et seq*.

## VENUE

5.  Venue is proper in this judicial district under 28 U.S.C. § 1391(d) in that Böllhoff is an alien corporation.

## GENERAL ALLEGATIONS

6. Woco is a component manufacturer in the field of vibration technologies and acoustic solutions as well as in seals and gaskets for automotive applications. Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration.

7. On December 11, 2007, counsel for Woco received a letter from counsel for Böllhoff stating that Woco's Cover Support Assist (which Böllhoff refers to as an "insert member") constitutes a component of Böllhoff's inventions. Böllhoff's letter expressly asserts that "Woco's insert member is covered by claims of the '604 Patent", and alleges that "Woco's acts of making, having made, selling, having sold, offering to sell, having offered to sell, and importing and/or having imported … the insert member" constitute contributory patent infringement and infringement by the inducement of others. The letter demanded that Woco "discontinue making, using, selling, offering to sell, and/or importing the aforementioned insert member" and "recall all such insert members from customers, retailers and distributors."

8. As a result of such allegations, Böllhoff has raised a justiciable controversy between Böllhoff and Woco concerning the infringement, validity and enforceability of the '604 Patent.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

9. Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

10. A product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent.

11. Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent.

12. Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent.

## COUNT II
## DECLARATION OF INVALIDITY AND UNENFORCEABILITY

13. Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

14. The '604 Patent is invalid and unenforceable under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Woco respectfully requests that this Court enter a judgment:

a. declaring that a product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent under 35 U.S.C. § 271;

b. declaring that Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent under 35 U.S.C. § 271;

c. declaring that Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent under 35 U.S.C. § 271;

d. declaring the '604 Patent invalid and unenforceable pursuant to 35 U.S.C. §§ 102, 103 and/or 112;

e. ordering Böllhoff to pay Woco's attorneys' fees, costs and expenses in this action; and

f. awarding Woco any other relief that this Court deems just and proper.

Dated:  February 15, 2008

        Respectfully submitted,

By:     */s/ Brian D. Roche*
      Brian D. Roche
      Jennifer Yule DePriest
      Michael Geoffrey
      Alfred E. Hanna
      REED SMITH LLP
      10 South Wacker Drive, 40th Floor
      Chicago, IL  60606-7507

Attorneys For Declaratory Judgment Plaintiff
WOCO MOTOR ACOUSTIC SYSTEMS, INC.

# Exhibit B

Case 1:07-cv-07058    Document 16    Filed 02/15/2008    Page 9 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC., | ) ) ) | |
| *Plaintiff and Counter-defendant,* | ) ) | No.: 07 C 7058 |
| v. | ) ) | Hon. Judge Leinenweber |
| BÖLLHOFF GMBH, | ) ) ) | Hon. Magistrate Judge Cox |
| *Defendant and Counter-plaintiff..* | ) ) | |

## WOCO MOTOR ACOUSTIC SYSTEMS, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff/Counter-defendant, Woco Motor Acoustic Systems, Inc. ("Woco"), amends its Counterclaim answers of Defendant/Counter-plaintiff, Böllhoff GmbH ("Böllhoff"), as follows:

### THE PARTIES

1.  Woco admits the allegations set forth in Paragraph 1, except that Woco is without information and knowledge sufficient to admit or deny whether Böllhoff has its principal place of business at Archimedesstraße 1-4, 33649.

2.  Woco admits the allegations in Paragraph 2.

### JURISDICTION AND VENUE

3.  Woco admits that this Court has original jurisdiction over this action, and denies the remaining allegations in Paragraph 3.

4.  Woco admits the allegations in Paragraph 4.

### COUNTERCLAIM I - PATENT INFRINGEMENT

5.  Woco admits that the '604 Patent states on its face that Böllhoff is the assignee of the '604 Patent, and that it was issued on March 21, 2001. Woco is without information and

knowledge sufficient to admit or deny the remaining allegations of Paragraph 5.

6.   Woco is without information and knowledge sufficient to admit or deny the allegations of Paragraph 6.

7.   Woco denies the allegations of Paragraph 7.

8.   Woco admits that it received letters from Böllhoff alleging infringement of the '604 Patent, but Woco denies that it infringes the '604 Patent and therefore denies the allegations of Paragraph 8.

9.   Woco denies the allegations of Paragraph 9.

10.   Woco denies the allegations of Paragraph 10.

## WOCO'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

U.S. Patent No. 6,206,604 is invalid and unenforceable under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

### Second Affirmative Defense

Defendant/Counter-plaintiff's reliance on the doctrine of equivalents is barred by the doctrine of prosecution history estoppel.

## PRAYER FOR RELIEF

WHEREFORE, Woco respectfully requests that this Court enter a judgment:

(a)   declaring that Böllhoff's counterclaim be dismissed with prejudice;

(b)   declaring that a product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent under 35 U.S.C. § 271;

(c) declaring that Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent under 35 U.S.C. § 271;

(d) declaring that Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent under 35 U.S.C. § 271;

(e) declaring the '604 patent invalid and unenforceable;

(f) ordering Böllhoff to pay Woco's attorneys' fees, costs and expenses in this action; and

(g) awarding Woco any other relief that this Court deems just and proper.

Dated: February 15, 2008

> Respectfully submitted,
>
> **WOCO MOTOR ACOUSTIC SYSTEMS, INC.,**
> *Plaintiff/Counter-defendant*
>
> By: /s/ Alfred E Hanna
> Brian D. Roche (Bar No. 6183795)
> Jennifer Yule DePriest (Bar No. 6272137)
> Alfred E. Hanna (6283040)
> REED SMITH LLP
> 10 South Wacker Drive, 40th Floor
> Chicago, IL 60606-7507
> (312) 207-1000
> (312) 207-6400 – FAX
> jdepriest@reedsmith.com