IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC.,<br>   a Michigan Corporation, | )<br>)<br>)<br>) | |
|               Plaintiff, | )<br>) | |
| v. | ) | Case No. 07 C 7058 |
| BÖLLHOFF GMBH,<br>   a German Corporation, | )<br>)<br>)<br>) | Hon. Judge Leinenweber<br>Hon. Magistrate Judge Cox |
|               Defendant. | )<br>)<br>)<br>) | |

**AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Woco Motor Acoustic Systems, Inc., a Michigan Corporation ("Woco"), by and through its attorneys and for its Complaint for Declaratory Judgment against Böllhoff GmbH, a German corporation ("Böllhoff"), alleges as follows:

**NATURE OF THE ACTION**

This action seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Woco's product, known as a "Cover Support Assist," that is used, made, sold, offered for sale and/or imported into the United States does not infringe U.S. Patent No. 6,206,604. This action further seeks a declaratory judgment that U.S. Patent No. 6,206,604 is invalid and unenforceable for being anticipated, obvious and indefinite.

**PARTIES**

1.      Plaintiff Woco is a Michigan corporation with its principal place of business in Warren, Michigan.

2. Upon information and belief, Defendant Böllhoff is an alien corporation organized and existing under the laws of Germany with its principal place of business in Bielefeld, Germany. On information and belief, Böllhoff is the owner, by assignment, of all rights, title and interest in and to U.S. Patent No. 6,206,604, issued on March 21, 2001 (the "'604 Patent"), and attached hereto as Exhibit A.

## JURISDICTION

3. This Court has jurisdiction over this matter, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in that this is an action seeking a declaratory judgment with respect to allegations of patent infringement asserted by Böllhoff under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under the United States Patent Act.

4. This Court has personal jurisdiction over Böllhoff pursuant to Federal Rule of Civil Procedure 4(k)(2), in that exercise of personal jurisdiction is consistent with the Constitution and the laws of the United States and Böllhoff is an alien corporation which is not subject to the jurisdiction of the courts of general jurisdiction of any state, but on information and belief, has consistent contacts with the United States as a whole. This Court also has *in rem* jurisdiction over this action in that it involves a United States Letters Patent, which was issued pursuant to the United States Patent Act, 35 U.S.C. §101, *et seq.*

## VENUE

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(d) in that Böllhoff is an alien corporation.

**GENERAL ALLEGATIONS**

6. Woco is a component manufacturer in the field of vibration technologies and acoustic solutions as well as in seals and gaskets for automotive applications. Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration.

7. On December 11, 2007, counsel for Woco received a letter from counsel for Böllhoff stating that Woco's Cover Support Assist (which Böllhoff refers to as an "insert member") constitutes a component of Böllhoff's inventions. Böllhoff's letter expressly asserts that "Woco's insert member is covered by claims of the '604 Patent", and alleges that "Woco's acts of making, having made, selling, having sold, offering to sell, having offered to sell, and importing and/or having imported … the insert member" constitute contributory patent infringement and infringement by the inducement of others. The letter demanded that Woco "discontinue making, using, selling, offering to sell, and/or importing the aforementioned insert member" and "recall all such insert members from customers, retailers and distributors."

8. As a result of such allegations, Böllhoff has raised a justiciable controversy between Böllhoff and Woco concerning the infringement, validity and enforceability of the '604 Patent.

**COUNT I**
**DECLARATION OF NON-INFRINGEMENT**

9. Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

10. A product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent.

11. Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent.

12. Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent.

## COUNT II
## DECLARATION OF INVALIDITY AND UNENFORCEABILITY

13. Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

14. The '604 Patent is invalid and unenforceable under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Woco respectfully requests that this Court enter a judgment:

a. declaring that a product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent under 35 U.S.C. § 271;

b. declaring that Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent under 35 U.S.C. § 271;

c. declaring that Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent under 35 U.S.C. § 271;

d. declaring the '604 Patent invalid and unenforceable pursuant to 35 U.S.C. §§ 102, 103 and/or 112;

e. ordering Böllhoff to pay Woco's attorneys' fees, costs and expenses in this action; and

f. awarding Woco any other relief that this Court deems just and proper.

- 5 -

Dated:  February  21, 2008

                Respectfully submitted,

                By:        */s/ Brian D. Roche*
                     Brian D. Roche
                     Jennifer Yule DePriest
                     Michael Geoffrey
                     Alfred E. Hanna
                     REED SMITH LLP
                     10 South Wacker Drive, 40th Floor
                     Chicago, IL  60606-7507

                Attorneys For Declaratory Judgment Plaintiff
                WOCO MOTOR ACOUSTIC SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system [or by U.S. Mail, postage pre-paid, to anyone unable to accept electronic filing]. Parties may access the filing through the Court's system.

>
> Joseph R. Lanser
> SEYFARTH SHAW LLP
> 131 South Dearborn- Suite 2400
> Chicago, Illinois 60603-5577

>
> _/s/ Brian D. Roche_
> Brian D. Roche (Bar No. 6183795)
> Jennifer Yule DePriest (Bar No. 6272137)
> Alfred E. Hanna (6283040)
> REED SMITH LLP
> 10 South Wacker Drive, 40th Floor
> Chicago, IL 60606-7507
> (312) 207-1000
> (312) 207-6400 – FAX
> _ahanna@reedsmith.com_

H:\Woco First Amended Complaint.doc