# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC., a Michigan Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>BÖLLHOFF GMBH, a German Corporation,<br><br>        Defendant. | Case No. 07 C 7058<br><br>Judge Leinenweber<br><br>Magistrate Judge Cox |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF

Defendant/Counter-Plaintiff, Böllhoff GmbH ("Böllhoff"), for its Answer to Plaintiff's Amended Complaint for Declaratory Relief, states as follows:

### PARTIES

**COMPLAINT ¶ 1:**

Plaintiff Woco is a Michigan corporation with its principal place of business in Warren, Michigan.

**ANSWER:**

Böllhoff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

**COMPLAINT ¶ 2:**

Upon information and belief, Defendant Böllhoff is an alien corporation organized and existing under the laws of Germany with its principal place of business in Bielefeld, Germany. On information and belief, Böllhoff is the owner, by assignment, of all rights, title and interest in and to U.S. Patent No. 6,206,604, issued on March 21, 2001 (the "'604 Patent"), and attached hereto as Exhibit A.

**ANSWER:**

Böllhoff admits that Exhibit A to Plaintiff's Amended Complaint appears to be a copy of the '604 Patent. Böllhoff admits the remaining allegations of Paragraph 2.

CH1 11423053.1

## JURISDICTION

**COMPLAINT ¶ 3:**

This Court has jurisdiction over this matter, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in that this is an action seeking a declaratory judgment with respect to allegations of patent infringement asserted by Böllhoff under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under the United States Patent Act.

**ANSWER:**

Böllhoff admits that this Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 28 U.S.C. §§ 1331 and 1338(a), in that this action purports to be an action for a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and purports to arise under the United States Patent Act.

**COMPLAINT ¶ 4:**

This Court has personal jurisdiction over Böllhoff pursuant to Federal Rule of Civil Procedure 4(k)(2), in that exercise of personal jurisdiction is consistent with the Constitution and the laws of the United States and Böllhoff is an alien corporation which is not subject to the jurisdiction of the courts of general jurisdiction of any state, but on information and belief, has consistent contacts with the United States as a whole. This Court also has *in rem* jurisdiction over this action in that it involves a United States Letters Patent, which was issued pursuant to the United States Patent Act, 35 U.S.C. §101, *et seq.*

**ANSWER:**

Böllhoff denies the allegations of paragraph 4. However, for purposes of this lawsuit only, Böllhoff submits itself to the jurisdiction of this Court.

## VENUE

**COMPLAINT ¶ 5:**

Venue is proper in this judicial district under 28 U.S.C. § 1391(d) in that Böllhoff is an alien corporation.

**ANSWER:**

Böllhoff admits the allegations of Paragraph 5.

2

**GENERAL ALLEGATIONS**

**COMPLAINT ¶ 6:**

Woco is a component manufacturer in the field of vibration technologies and acoustic solutions as well as in seals and gaskets for automotive applications. Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration.

**ANSWER:**

Böllhoff admits that, to its best information and belief, Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration. Böllhoff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

**COMPLAINT ¶ 7:**

On December 11, 2007, counsel for Woco received a letter from counsel for Böllhoff stating that Woco's Cover Support Assist (which Böllhoff refers to as an "insert member") constitutes a component of Böllhoff's inventions. Böllhoff's letter expressly asserts that "Woco's insert member is covered by claims of the '604 Patent", and alleges that "Woco's acts of making, having made, selling, having sold, offering to sell, having offered to sell, and importing and/or having imported ... the insert member" constitute contributory patent infringement and infringement by the inducement of others. The letter demanded that Woco "discontinue making, using, selling, offering to sell, and/or importing the aforementioned insert member" and "recall all such insert members from customers, retailers and distributors."

**ANSWER:**

Böllhoff denies that a letter from counsel for Böllhoff stated only that Woco's Cover Support Assist constitutes a component of Böllhoff's inventions. Böllhoff admits the remaining allegations of Paragraph 7.

**COMPLAINT ¶ 8:**

As a result of such allegations, Böllhoff has raised a justiciable controversy between Böllhoff and Woco concerning the infringement, validity and enforceability of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 8.

3

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

**COMPLAINT ¶ 9:**

Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

**ANSWER:**

Böllhoff incorporates its answers to paragraphs 1 through 8 as its response to the allegations of Paragraph 9.

**COMPLAINT ¶ 10:**

A product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 10.

**COMPLAINT ¶ 11:**

Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 11.

**COMPLAINT ¶ 12:**

Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 12.

## COUNT II
## DECLARATION OF INVALIDITY AND UNENFORCEABILITY

**COMPLAINT ¶ 13:**

Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

4

**ANSWER:**

Böllhoff incorporates its answers to paragraphs 1 through 8 as its response to the allegations of Paragraph 13.

**COMPLAINT ¶ 14:**

The '604 Patent is invalid and unenforceable under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 14.

## PRAYER FOR RELIEF

Böllhoff denies that Woco is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Böllhoff states as follow:

FIRST DEFENSE: Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE: Woco has infringed, is infringing, has contributorily infringed, is contributorily infringing, has induced others to infringe, and/or is inducing others to infringe one or more claims of the '604 Patent.

Böllhoff reserves the right to amend and/or supplement its affirmative defenses as its investigation of Woco's allegations and discovery in this matter progresses.

**DATED: February 26, 2008**               Respectfully submitted,

                                           Böllhoff GmbH


                                           By: s/ Joseph R. Lanser
                                                   One of Its Attorneys

Attorneys for Böllhoff GmbH:
Alan L. Unikel
Joseph R. Lanser
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)
e-mail:  jlanser@seyfarth.com

6

CH1 11423053.1

## CERTIFICATE OF SERVICE

I, Joseph R. Lanser, an attorney, certify that I caused the foregoing *DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY RELIEF* to be filed electronically with the Clerk of the Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing, on this 26th day of February, 2008.

                                              s/ Joseph R. Lanser
                                              Joseph R. Lanser
                                              SEYFARTH SHAW LLP
                                              131 South Dearborn Street, Suite 2400
                                              Chicago, Illinois 60603
                                              Telephone: (312) 460-5000
                                              Facsimile: (312) 460-7000
                                              e-mail: jlanser@seyfarth.com