# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC., a Michigan Corporation, | ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 C 7058 |
| | ) | |
| BÖLLHOFF GMBH, a German Corporation, | ) ) | |
| | ) | Hon. Judge Leinenweber |
| Defendant. | ) | Hon. Magistrate Judge Cox |
| | ) ) ) ) | |

**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Woco Motor Acoustic Systems, Inc., a Michigan Corporation ("Woco"), by and through its attorneys and for its Complaint for Declaratory Judgment against Böllhoff GmbH, a German corporation ("Böllhoff"), alleges as follows:

**NATURE OF THE ACTION**

This action seeks a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Woco's product, known as a "Cover Support Assist," that is used, made, sold, offered for sale and/or imported into the United States does not infringe U.S. Patent No. 6,206,604. This action further seeks a declaratory judgment that U.S. Patent No. 6,206,604 is invalid and unenforceable for being anticipated, obvious and indefinite.

**PARTIES**

1.    Plaintiff Woco is a Michigan corporation with its principal place of business in Warren, Michigan.

2.      Upon information and belief, Defendant Böllhoff is an alien corporation organized and existing under the laws of Germany with its principal place of business in Bielefeld, Germany.  On information and belief, Böllhoff is the owner, by assignment, of all rights, title and interest in and to U.S. Patent No. 6,206,604, issued on March 21, 2001 (the "'604 Patent"), and attached hereto as Exhibit A.

### JURISDICTION

3.      This Court has jurisdiction over this matter, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in that this is an action seeking a declaratory judgment with respect to allegations of patent infringement asserted by Böllhoff under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under the United States Patent Act.

4.      This Court has personal jurisdiction over Böllhoff pursuant to Federal Rule of Civil Procedure 4(k)(2), in that exercise of personal jurisdiction is consistent with the Constitution and the laws of the United States and Böllhoff is an alien corporation which is not subject to the jurisdiction of the courts of general jurisdiction of any state, but on information and belief, has consistent contacts with the United States as a whole.  This Court also has *in rem* jurisdiction over this action in that it involves a United States Letters Patent, which was issued pursuant to the United States Patent Act, 35 U.S.C. §101, *et seq.*

### VENUE

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(d) in that Böllhoff is an alien corporation.

## GENERAL ALLEGATIONS

6.      Woco is a component manufacturer in the field of vibration technologies and acoustic solutions as well as in seals and gaskets for automotive applications. Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration.

7.      On December 11, 2007, counsel for Woco received a letter from counsel for Böllhoff stating that Woco's Cover Support Assist (which Böllhoff refers to as an "insert member") constitutes a component of Böllhoff's inventions. Böllhoff's letter expressly asserts that "Woco's insert member is covered by claims of the '604 Patent", and alleges that "Woco's acts of making, having made, selling, having sold, offering to sell, having offered to sell, and importing and/or having imported … the insert member" constitute contributory patent infringement and infringement by the inducement of others. The letter demanded that Woco "discontinue making, using, selling, offering to sell, and/or importing the aforementioned insert member" and "recall all such insert members from customers, retailers and distributors."

8.      As a result of such allegations, Böllhoff has raised a justiciable controversy between Böllhoff and Woco concerning the infringement, validity and enforceability of the '604 Patent.

**COUNT I**
**DECLARATION OF NON-INFRINGEMENT**

9.      Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

10.     A product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent.

11.    Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent.

12.    Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent.

**COUNT II**
**DECLARATION OF INVALIDITY AND UNENFORCEABILITY**

13.    Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

14.    The '604 Patent is invalid and unenforceable under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

15.    The '604 Patent is unenforceable due to inequitable conduct during the prosecution of U.S. Patent Application Serial No. 09/151,074 ("the '074 Application"), the application which matured into the '604 Patent, by individuals associated with the filing and prosecution of the '074 Application (collectively "applicants").

a.    On information and belief, applicants filed European Patent Application EP 98117188 ("the '188 Application") on September 10, 1998, the day applicants filed the '074 Application with the United States Patent and Trademark Office.  The '188 Application matured into European Patent EP 0902198 ("the '198 Patent").

b.    On information and belief, the '604 Patent and the '198 Patent have the same inventors in common, namely Messrs. Bembowsky, Fangmann, Hauck and Sussenbach. Furthermore, the '604 Patent and the '198 Patent claim priority to the same two patent applications filed with the Deutsches Patent – und Markenamt (the German Patent Office), namely DE19740165 and DE19836108.  Furthermore, the '074 Application and the '188 Application disclose identical subject matter.

- 4 -

c.    On information and belief, on January 26, 2000 during the pendancy of the '074 Application, the European Patent Office issued a prior art search report. The search report identifies U.S. Patent Nos. 5,580,204; 4,778,320 and 5,507,610 and German Patent Application No. DE 19701365 as rendering certain claims of the '188 Application unpatentable. Collectively, the references cited by the European Patent Office in the search report are referred to as "the EPO references."

d.    On information and belief, applicants amended the specification of the '188 Application to recite:

"The invention relates to a plug-type coupling for releasably connecting a first component to a second component according to the preamble of Patent Claim 1.

A plug-type coupling of this design is known from US-A-5 590 204 [sic]."

Submission by applicants to European Patent Office, June 12, 2002.

e.    On information and belief, the European Patent Office rejected the claims of the '188 Application on the basis that the EPO references taught, among other things, a gap between a cylindrical outer wall and a female portion, stiffening means between the gap and cylinder wall, radial inward circumferential rim, and structure which allow the insert member to snap-in in an axial direction.

f.    On information and belief, at least claim 2 of the '074 Application was found allowable by the United States Patent and Trademark Office because the prior art of record failed to teach or suggest a gap between a cylindrical outer wall and a female portion, radial inward circumferential rim, and structure which allow the insert member to snap-in in an axial direction.

g.     On information and belief, the patent examiner examining the '074 Application in the United States Patent and Trademark Office searched for prior art within international patent classification class F16C ("Shafts; flexible shafts; elements or crankshaft mechanisms; rotary bodies other than gearing elements; bearings").  On information and belief, the EPO references are classified within international patent classification class F16B ("Devices for fastening or securing constructional elements or machine parts together, e.g. nails, bolts, circlips, clamps, clips, wedges, joints or jointing") by the European Patent Office.

h.     On information and belief, the applicants knowingly and willfully with intent to deceive the United States Patent and Trademark Office failed to disclose to the United States Patent and Trademark Office that the claimed subject matter of the '074 Application was alternatively classified in class F16B.

i.     On information and belief, the applicants knowingly and willfully with intent to deceive the United States Patent and Trademark Office failed to disclose the material non-cumulative EPO references to the United States Patent and Trademark Office during the prosecution of the '074 Application.

## PRAYER FOR RELIEF

WHEREFORE, Woco respectfully requests that this Court enter a judgment:

a.     declaring that a product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent under 35 U.S.C. § 271;

b.     declaring that Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent under 35 U.S.C. § 271;

c.     declaring that Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent under 35 U.S.C. § 271;

d.    declaring the '604 Patent invalid and unenforceable pursuant to 35 U.S.C. §§ 102, 103 and/or 112;

e.    declaring the '604 Patent is unenforceable due to inequitable conduct during the prosecution of the patent application that matured into the '604 Patent;

e.    ordering Böllhoff to pay Woco's attorneys' fees, costs and expenses in this action; and

f.    awarding Woco any other relief that this Court deems just and proper.

Dated:  May 13, 2008

Respectfully submitted,

By:    _____/s/ Brian D. Roche_____
       Brian D. Roche
       Jennifer Yule DePriest
       Alfred E. Hanna
       REED SMITH LLP
       10 South Wacker Drive, 40th Floor
       Chicago, IL  60606-7507

Attorneys For Declaratory Judgment Plaintiff
WOCO MOTOR ACOUSTIC SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system or by U.S. Mail, postage pre-paid, to anyone unable to accept electronic filing. Parties may access the filing through the Court's system.

Joseph R. Lanser
SEYFARTH SHAW LLP
131 South Dearborn- Suite 2400
Chicago, Illinois 60603-5577

_____*/s/ Brian D. Roche*_____
Brian D. Roche (Bar No. 6183795)
Jennifer Yule DePriest (Bar No. 6272137)
Alfred E. Hanna (Bar No. 6283040)
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
(312) 207-1000
(312) 207-6400 – FAX
*broche@reedsmith.com*

CHILIB-2173353.2