**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WOCO MOTOR ACOUSTIC SYSTEMS, INC., a Michigan Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07 C 7058 |
| BÖLLHOFF GMBH, a German Corporation, | ) ) ) | Hon. Judge Leinenweber Hon. Magistrate Judge Cox |
| Defendant. | ) ) | **JURY DEMANDED** |

**ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIM**

BÖLLHOFF GMBH, for its Answer to Second Amended Complaint for Declaratory Relief, states as follows:

**PARTIES**

**COMPLAINT ¶ NO. 1:**

Plaintiff Woco is a Michigan corporation with its principal place of business in Warren, Michigan.

**ANSWER:**

Böllhoff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

**COMPLAINT ¶ NO. 2:**

Upon information and belief, Defendant Böllhoff is an alien corporation organized and existing under the laws of Germany with its principal place of business in Bielefeld, Germany. On information and belief, Böllhoff is the owner, by assignment, of all rights, title and interest in and to U.S. Patent No. 6,206,604, issued on March 21, 2001 (the "'604 Patent"), and attached hereto as Exhibit A.

**ANSWER:**

Böllhoff admits that Exhibit A to Plaintiff's Amended Complaint appears to be a copy of the '604 Patent. Böllhoff admits the remaining allegations of Paragraph 2.

## JURISDICTION

**COMPLAINT ¶ NO. 3:**

This Court has jurisdiction over this matter, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, in that this is an action seeking a declaratory judgment with respect to allegations of patent infringement asserted by Böllhoff under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* In addition, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) in that this is an action arising under the United States Patent Act.

**ANSWER:**

Böllhoff admits that this Court has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 28 U.S.C. §§ 1331 and 1338(a), in that this action purports to be an action for a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and purports to arise under the United States Patent Act. Böllhoff denies the remaining allocations of Paragraph 3.

**COMPLAINT ¶ NO. 4:**

This Court has personal jurisdiction over Böllhoff pursuant to Federal Rule of Civil Procedure 4(k)(2), in that exercise of personal jurisdiction is consistent with the Constitution and the laws of the United States and Böllhoff is an alien corporation which is not subject to the jurisdiction of the courts of general jurisdiction of any state, but on information and belief, has consistent contacts with the United States as a whole. This Court also has *in rem* jurisdiction over this action in that it involves a United States Letters Patent, which was issued pursuant to the United States Patent Act, 35 U.S.C. § 101, *et seq.*

**ANSWER:**

Böllhoff denies the allegations of paragraph 4. However, for purposes of this lawsuit only, Böllhoff submits itself to the jurisdiction of this Court.

## VENUE

**COMPLAINT ¶ NO. 5:**

Venue is proper in this judicial district under 28 U.S.C. § 1391(d) in that Böllhoff is an alien corporation.

**ANSWER:**

Böllhoff admits the allegations of Paragraph 5.

## GENERAL ALLEGATIONS

**COMPLAINT ¶ NO. 6:**

Woco is a component manufacturer in the field of vibration technologies and acoustic solutions as well as in seals and gaskets for automotive applications. Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration.

**ANSWER:**

Böllhoff admits that, to its best information and belief, Woco has designed a flexible joint element called a "Cover Support Assist" that connects automobile components while reducing their vibration. Böllhoff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

**COMPLAINT ¶ NO. 7:**

On December 11, 2007, counsel for Woco received a letter from counsel for Böllhoff stating that Woco's Cover Support Assist (which Böllhoff refers to as an "insert member") constitutes a component of Böllhoff's inventions. Böllhoff's letter expressly asserts that "Woco's insert member is covered by claims of the '604 Patent", and alleges that "Woco's acts of making, having made, selling, having sold, offering to sell, having offered to sell, and importing and/or having imported . . . the insert member" constitute contributory patent infringement and infringement by the inducement of others. The letter demanded that Woco "discontinue making, using, selling, offering to sell, and/or importing the aforementioned insert member" and "recall all such insert members from customers, retailers and distributors."

**ANSWER:**

Böllhoff denies that a letter from counsel for Böllhoff stated only that Woco's Cover Support Assist constitutes a component of Böllhoff's inventions. Böllhoff admits the remaining allegations of Paragraph 7.

**COMPLAINT ¶ NO. 8:**

As a result of such allegations, Böllhoff has raised a justiciable controversy between Böllhoff and Woco concerning the infringement, validity and enforceability of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 8.

## COUNT I
## DECLARATION OF NON-INFRINGEMENT

**COMPLAINT ¶ NO. 9:**

Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

**ANSWER:**

Böllhoff incorporates its answers to paragraphs 1 through 8 as its response to the allegations of Paragraph 9.

**COMPLAINT ¶ NO. 10:**

A product made with Woco's Cover Support Assist does not infringe any claim of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 10.

**COMPLAINT ¶ NO. 11:**

Woco's Cover Support Assists made, used, sold, offered for sale, and/or imported into the United States do not infringe any claims of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 11.

4

**COMPLAINT ¶ NO. 12:**

Woco is not liable for directly infringing, contributorily infringing, or actively inducing others to infringe any valid claim of the '604 Patent.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 12.

## COUNT II
## DECLARATION OF INVALIDITY AND UNENFORCEABILITY

**COMPLAINT ¶ NO. 13:**

Woco incorporates by reference paragraphs 1 through 8 above as though fully set forth herein.

**ANSWER:**

Böllhoff incorporates its answers to paragraphs 1 through 8 as its response to the

allegations of Paragraph 13.

**COMPLAINT ¶ NO. 14:**

The '604 Patent is invalid and unenforceable under one or more provisions pursuant to 35 U.S.C. §§ 102, 103 and/or 112.

**ANSWER:**

Böllhoff denies the allegations of Paragraph 14.

**COMPLAINT ¶ NO. 15:**

The '604 Patent is unenforceable due to inequitable conduct during the prosecution of U.S. Patent Application Serial No. 09/151,074 ("the '074 Application"), the application which matured into the '604 Patent, by individuals associated with the filing and prosecution of the '074 Application (collectively "applicants").

    a.    On information and belief, applicants filed European Patent Application EP 98117188 ("the '188 Application") on September 10, 1998, the day applicants filed the '074 Application with the United States Patent and Trademark Office. The '188 Application matured into European Patent EP 0902198 ("the '198 Patent").

    b.    On information and belief, the '604 Patent and the '198 Patent have the same inventors in common, namely Messrs. Bembowsky, Fangmann, Hauck and Sussenbach. Furthermore, the '604 Patent and the '198 Patent claim priority to the same two patent applications filed with the Deutsches Patent — und Markenamt (the German Patent Office),

5

namely DE19740165 and DE19836108. Furthermore, the '074 Application and the '188 Application disclose identical subject matter.

   c. On information and belief, on January 26, 2000 during the pendency of the '074 Application, the European Patent Office issued a prior art search report. The search report identifies U.S. Patent Nos. 5,580,204; 4,778,320 and 5,507,610 and German Patent Application No. DE 19701365 as rendering certain claims of the '188 Application unpatentable. Collectively, the references cited by the European Patent Office in the search report are referred to as "the EPO references."

   d. On information and belief, applicants amended the specification of the '188 Application to recite:

> "The invention relates to a plug-type coupling for releasably connecting a first component to a second component according to the preamble of Patent Claim 1.

A plug-type coupling of this design is known from US-A-5 590 204 [sic]." Submission by applicants to European Patent Office, June 12, 2002.

   e. On information and belief, the European Patent Office rejected the claims of the '188 Application on the basis that the EPO references taught, among other things, a gap between a cylindrical outer wall and a female portion, stiffening means between the gap and cylinder wall, radial inward circumferential rim, and structure which allow the insert member to snap-in in an axial direction.

   f. On information and belief, at least claim 2 of the '074 Application was found allowable by the United States Patent and Trademark Office because the prior art of record failed to teach or suggest a gap between a cylindrical outer wall and a female portion, radial inward circumferential rim, and structure which allow the insert member to snap-in in an axial direction.

   g. On information and belief, the patent examiner examining the '074 Application in the United States Patent and Trademark Office searched for prior art within international patent classification class F16C ("Shafts; flexible shafts; elements or crankshaft mechanisms; rotary bodies other than gearing elements; bearings"). On information and belief, the EPO references are classified within international patent classification class F16B ("Devices for fastening or securing constructional elements or machine parts together, e.g. nails, bolts, circlips, clamps, clips, wedges, joints or jointing") by the European Patent Office.

   h. On information and belief, the applicants knowingly and willfully with intent to deceive the United States Patent and Trademark Office failed to disclose to the United States Patent and Trademark Office that the claimed subject matter of the '074 Application was alternatively classified in class F16B.

   i. On information and belief, the applicants knowingly and willfully with intent to deceive the United States Patent and Trademark Office failed to disclose the material

6

non-cumulative EPO references to the United States Patent and Trademark Office during the prosecution of the '074 Application.

**ANSWER:**

Böllhoff objects to Paragraph 15 because is it overly verbose and contains multiple allegations in numerous sub-paragraphs, making it incomprehensible and impossible to properly admit or deny.  Nonetheless, without waiving the forgoing objection, Böllhoff attempts to answer the same as follows: Böllhoff admits that European Patent Application EP 98117188 was filed on September 10, 1998 and matured into EP 0902198, and that the '074 Application was filed on September 10, 1998.  Böllhoff also admits that the '604 Patent and the '198 Patent list the same inventors, and claim priority to the same two patent applications, DE19740165 and DE19836108.  Böllhoff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 15(c) and 15(g).  Böllhoff denies the remaining allegations of Paragraph 15.

## PRAYER FOR RELIEF

Böllhoff denies that Woco is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Böllhoff states as follow:

FIRST DEFENSE:    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE: Woco has infringed, is infringing, has contributorily infringed, is contributorily infringing, has induced others to infringe, and/or is inducing others to infringe one or more claims of the '604 Patent.

Böllhoff reserves the right to amend and/or supplement its affirmative defenses as its investigation of Woco's allegations and discovery in this matter progresses.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff, Böllhoff GmbH ("Böllhoff"), for its counterclaims against Plaintiff/Counter-Defendant, Woco Motor Acoustic Systems, Inc. ("Woco"), states as follows:

## THE PARTIES

1. Counter-Plaintiff Böllhoff is a corporation organized and existing under the laws of Germany, and has its principal place of business at Archimedesstraße 1-4, 33649 Bielefeld, Germany.

2. Upon information and belief, Woco is a corporation organized and existing under the laws of the state of Michigan, and has its principal place of business at 23031 Sherwood Avenue, Warren, Michigan.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over Böllhoff's counterclaims under 28 U.S.C. §§ 1331,1338(a), 1367 and 2202.

4. Through the filing of its Complaint, Woco asked this Court for a declaratory judgment for non-infringement of the '604 Patent, and has thus submitted itself to the jurisdiction of this Court, and has asserted that venue is proper in this jurisdiction.

## COUNTERCLAIM I - PATENT INFRINGEMENT

5. Böllhoff is the owner, by assignment, of all rights, title and interest in and to United States Patent no. 6,206,604 (the "'604 Patent"), entitled PLUG-IN COUPLING, which was duly issued by the United States Patent and Trademark Office on May 27, 2001.

6. Böllhoff sells one or more products incorporating the invention(s) claimed in the '604 Patent.

7. Without permission or license from Böllhoff, Woco has made, is making, has sold, is selling, has offered for sale, is offering to sell, has imported, and/or is importing into the

8

United States, within this judicial district and elsewhere, products, including, *inter alia*, a product described by Woco as the Woco Cover Support Assist, that directly infringe, contributorily infringe, and/or induce others to infringe one or more claims of the '604 Patent, in violation of 35 U.S.C. § 271.

8.     Woco has notice of its infringement as prescribed by 35 U.S.C. § 287(a).

9.     Upon information and belief, Woco's infringement is and has been willful.

10.    Woco's infringement of the '604 Patent has caused irreparable injury to Böllhoff, and unless and until Woco's continuing infringement of the '604 Patent is enjoined by this Court, Böllhoff will continue to suffer irreparable injury because of Woco's infringement. Böllhoff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Böllhoff prays that this Court enter an Order and Judgment, in its favor and against Woco:

(a)     dismissing Woco's Complaint, in its entirety, with prejudice, and denying the relief sought therein;

(b)     preliminarily and permanently enjoining Woco, and its parents, subsidiaries, affiliates, officers, directors, agents, employees, successors, attorneys and all persons in active concert or participation with it, from using, making, causing to be made, selling, offering to sell, causing to be sold, and/or importing or causing to be imported into the United States any product that directly infringes, contributorily infringes, or induces others to infringe, any claim of the '604 Patent;

(c)     awarding Böllhoff the damages that it has incurred as a result of the acts complained of herein, including, but not limited to, its lost profits as a result of the acts complained of herein, but in no event less than a reasonable royalty for the acts complained of herein, and that any such damages award be trebled pursuant to 35 U.S.C. § 284;

(d)     awarding Böllhoff its costs and expenses of this action, and its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285, as a result of the acts complained of herein; and

(e)     awarding Böllhoff any other relief that this Court deems just and fit.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Böllhoff demands a trial by jury.

**DATED: June 2, 2008**                Respectfully submitted,

                                       Böllhoff GmbH


                                       By: s/ Joseph R. Lanser
                                               One of Its Attorneys

Attorneys for Böllhoff GmbH:
Alan L. Unikel
Joseph R. Lanser
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)
e-mail:  jlanser@seyfarth.com

## **CERTIFICATE OF SERVICE**

     I, Joseph R. Lanser, an attorney, certify that I caused the foregoing *ANSWER TO SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF AND COUNTERCLAIM* to be filed electronically with the Clerk of the Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to the registered participants of the ECF System as listed in the Court's Notice of Electronic Filing, on this 2nd day of June, 2008.

                                                                  s/ Joseph R. Lanser  
                                                          Joseph R. Lanser  
                                                          SEYFARTH SHAW LLP  
                                                          131 South Dearborn Street, Suite 2400  
                                                          Chicago, Illinois  60603  
                                                          Telephone:  (312) 460-5000  
                                                          Facsimile:  (312) 460-7000  
                                                          e-mail:  jlanser@seyfarth.com

CH1 11479920.2